UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN SILLOWAY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendant. | Case No. 20-cv-07400-RS (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 116 |

　　　　According to CCSF, staff nurses sometimes ask CCSF's payroll department "not to pay [them] for certain hours associated with holidays and defer the use of those hours to a later time." Dkt. 61-2 at 9 n.3. Yet such occasions aren't covered by any of the 32 pay codes in CCSF's payroll system, so CCSF's experts, for purposes of this litigation, created a code post hoc, the Voluntary Leave Without Pay code (VLWP), to account for them. *See id.*

　　　　Plaintiffs reasonably want fulsome discovery related to VLWP. CCSF's experts used the code to account for unpaid time, and whether time was unpaid because of CCSF's actions (e.g., cutting shifts and pay during particular pay periods) or nurses' actions (e.g., requesting unpaid holiday leave) matters for purposes of determining whether staff nurses were "bona fide professional[s]" exempt from FLSA overtime pay requirements. *Silloway v. City & Cnty. of San Francisco*, 117 F.4th 1070, 1074 (9th Cir. 2024). Plaintiffs reasonably want to cross-check CCSF's use of the VLWP code against CCSF records corroborating that nurses voluntarily asked for a deferral of pay.

By June 13, 2025, CCSF must produce all documents that show when named plaintiffs or opt-in plaintiffs requested, or CCSF approved, pay deferrals for hours associated with holidays during the relevant period. By the same date, CCSF must produce all documents relating to any policy or practice CCSF has had for processing such requests. This discovery is relevant to claims and defenses in the case, and CCSF hasn't shown that "the burden or expense of [it] outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Some of the documents covered by this order may relate to expert discovery. CCSF's experts, after all, came up with the VLWP code. But the scope of this order is broader. For even if CCSF's experts didn't, or don't plan to, rely on certain documents related to nurses' unpaid-leave requests, those documents are still relevant. *Cf.* Discovery Order, Dkt. 121 at 2 ("Although the parties' experts may choose to use only some of the opt-in nurses' data to analyze CCSF's payroll decisions, CCSF reasonably wants to gather relevant data from all the opt-in nurses before deciding how to use it.").

CCSF may have already produced some of the documents covered by this order. *See* Joint Statement, Dkt. 116 at 3–4 (representing that CCSF produced all documents "relied upon by [its] experts" prior to the Ninth Circuit's remand). CCSF need not reproduce those documents but must produce any other documents that fall within this order's scope.

**IT IS SO ORDERED.**

Dated: May 14, 2025

Alex G. Tse
United States Magistrate Judge